1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10   LAUGHING RABBIT, INC.,                     CASE NO. C12-0402JLR

11                         Plaintiff,           ORDER ON PLAINTIFF'S
                                                MOTION FOR PARTIAL
            v.                                  SUMMARY JUDGMENT
12
     NATIONAL AUTOMOTIVE PARTS
13   ASSOCIATION,

14                         Defendant.

15

16                          I.   INTRODUCTION

17        Plaintiff Laughing Rabbit, Inc. ("LRI") alleges that Defendant National

18   Automotive Parts Association ("NAPA") infringed its design patent for a pocket-sized

19   LED flashlight ("the '372 patent").  (Am. Compl. (Dkt. # 3) ¶¶ 1, 25.)  As an affirmative

20   defense, NAPA asserts that the '372 patent is invalid.  (Ans. (Dkt. # 12) ¶¶ 5-6.)  Before

21   the court is LRI's motion for partial summary judgment on NAPA's patent invalidity

22   defense.  (Mot. (Dkt. # 16).)  After considering the motion, all submissions filed in

ORDER- 1

1  support of and opposition to the motion, the balance of the record, and the applicable law,

2  the court GRANTS in part and DENIES in part LRI's summary judgment motion.

3  ## II.   BACKGROUND

4  LRI is an Oregon corporation.  (Am. Compl. ¶ 1.)  It manufactures and distributes

5  specialty lighting products, including LED flashlights.  (*Id.* ¶ 7.)  LRI has sold its

6  products through national retailers and online since 1994.  (*Id.* ¶ 8.)  LRI is the exclusive

7  licensee of the '372 patent titled "Pocket Flashlight" at issue in this case.  (*Id.* ¶ 9.)  LRI

8  filed its amended complaint against NAPA on March 8, 2012, alleging patent and

9  trademark infringement, unfair competition, and violation of the Washington State

10 Consumer Protection Act, RCW 19.86.  (*See generally id.*)  With respect to the patent

11 infringement claim, LRI alleges that NAPA has "since at least as early as November 17,

12 2011[,] offered to sell LED flashlights substantially identical in appearance to [those for

13 which LRI is the exclusive patent licensee] to the public at 'www.napaonline.com' and

14 retail locations . . . ."  (*Id.* ¶ 11.)  LRI also asserts that NAPA "was placed on notice of

15 LRI's [patent] rights, by letter dated November 30, 2011," and "continued to sell the

16 accused product thereafter."  (*Id.* ¶ 13.)

17 NAPA is a trade association (Resp. (Dkt. # 19) at 2), and its "jurisdiction of

18 formation" is Michigan (Ans. ¶ 2).[1]  In NAPA's January 11, 2013, answer, NAPA

19 asserted numerous affirmative defenses, including patent invalidity, which is the basis of

20 _____

21 [1] The patent and trademark infringement claims, as well as the unfair competition claims,
   are before the court based on the court's federal question jurisdiction.  28 U.S.C. § 1331.  The
   Washington State Consumer Protection Act claim is before the court based on the court's

22 supplemental jurisdiction.  28. U.S.C. § 1367.

1  LRI's instant motion for partial summary judgment.  (Ans. ¶¶ 5-6; *see generally* Mot.)

2  Patent invalidity is a defense to patent infringement.  *See, e.g.*, *Agrizap, Inc. v.*

3  *Woodstream Corp.*, 520 F.3d 1337, 1341 (Fed. Cir. 2008).  NAPA claims that the '372

4  patent does not meet the conditions for patentability required by the Patent Act in 35

5  U.S.C. §§ 102, 103, and/or 171.  (Ans. ¶ 6.)  NAPA claims that the '372 patent design is

6  not "new, original and ornamental" as required by 35 U.S.C. § 171, but rather "primarily

7  functional and dictated by its function," and therefore invalid.  (*Id.*)  NAPA also alleges

8  that flashlights with this same design were "publicly offered" "as early as 1993 which

9  constitute[s] invalidating prior art with respect to the design claimed in the '372 patent."

10 (*Id.*)  With this assertion, NAPA appears to argue that the patent is invalid because it is

11 anticipated and obvious under 35 U.S.C. §§ 102 and 103, although NAPA does not

12 explicitly say so.  (*See generally* Ans.)

13      LRI filed this motion for partial summary judgment on November 12, 2013,

14 pursuant to Federal Rule of Civil Procedure 56.  (*See generally* Mot.)  LRI argues that

15 summary judgment should be granted on NAPA's patent invalidity defense because

16 NAPA has not pleaded "sufficient facts" to demonstrate patent invalidity.  (Mot. at 8.)

17 LRI further argues that NAPA does not have sufficient evidence about "the alleged prior

18 art product" (*id.* at 9), to show that the '372 patent was anticipated or obvious.  LRI

19 finally contends that NAPA's functionality defense "fails as a matter of law as utility is a

20 requirement of all inventions submitted for Letters Patent . . ." under 35 U.S.C. § 101.

21 (*Id.*)

22

ORDER- 3

1    NAPA responded on January 2, 2014.  (*See generally* Resp.)  In its response,

2   NAPA characterizes LRI's motion as "a late-filed motion to strike" NAPA's patent

3   invalidity defense under Federal Rule of Civil Procedure 12(f) because LRI's motion

4   "focuses on the sufficiency of NAPA's pleading rather than the absence of material

5   factual disputes . . . ."  (Resp. at 1); *see* Fed. R. Civ. P. 12(f).  NAPA argues that the court

6   cannot grant this motion because LRI did not file its motion within the 21-day period

7   required by Rule 12(f).  *See* Fed. R. Civ. P. 12(f)(2).  NAPA finally asserts that LRI has

8   not met its summary judgment burden because LRI focused on utility patents rather than

9   on design patents and on the requirement that design patents be ornamental and not just

10  functional.  (Resp. at 1.)  NAPA's response does not address at all its defenses that the

11  '372 patent is invalid because it is anticipated or obvious.  (*See generally* Resp.)

12    LRI filed a reply on January 8, 2014.  (*See generally* Reply.)  In its reply, LRI

13  addresses functionality under 35 U.S.C. § 171, which NAPA cited as a basis for

14  invalidity.  (*Id.*; *see generally* Mot.)  Along with its reply memorandum, LRI submits the

15  declaration of David Allen, the '372 patent inventor, and several exhibits showing

16  different designs for pocket flashlights to demonstrate that the design is ornamental rather

17  than functional.  (Allen Decl. (Dkt. # 20-1); Reply at 3.)  This information was not

18  included in LRI's original motion for summary judgment.  (*See generally* Mot.)  LRI's

19  sole argument in its original moving papers for disputing NAPA's affirmative defense

20  based on functionality was that the "NAPA's averment fails as a matter of law as ultiity is

21  a requirement of all inventions submitted for Letter Patent . . . ."  (Mot. at 5-6 (citing 35

22  U.S.C. § 101).)

### III.   ANALYSIS

**A.   Applicable Summary Judgment Standards**

Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the nonmoving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007). A fact is "material" if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" if the evidence is such that reasonable people could disagree about whether the facts claimed by the moving party are true. *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983). The moving party bears the initial burden of showing there is no genuine issue of material fact and that it is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323. In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden will be satisfied if it points to an absence of evidence to support an essential element of the nonmoving party's claim. *Id.* at 322-23.

If the moving party meets its burden, the nonmoving party "must make a showing sufficient to establish a genuine dispute of material fact regarding the existence of the essential elements" of its case in order to withstand summary judgment. *Galen*, 477 F.3d at 658. The court is "required to view the facts and draw reasonable inferences in the light most favorable to the [nonmoving] party." *Scott v. Harris*, 550 U.S. 372, 378 (2007). Facts asserted by the party opposing the motion, if supported by affidavits or

1    other evidentiary material, are regarded as true. *See, e.g.*, *Hunt v. Cromartie*, 526 U.S.

2    541, 551 (1999).

3          On a summary judgment motion, the court must "view the evidence presented

4    through the prism of the substantive evidentiary burden" that applies at trial. *Anderson*,

5    477 U.S. at 254. A party asserting patent invalidity must prove a patent is invalid by

6    clear and convincing evidence. *See, e.g.*, *Taurus IP, LLC v. DaimlerChrysler Corp.*, 726

7    F.3d 1306, 1322 (Fed. Cir. 2013); *see also* 35 U.S.C. § 282 (establishing a presumption

8    of patent validity giving rise to the clear and convincing evidence standard). "[A]

9    moving party seeking to have a patent held not invalid at summary judgment must show

10   that the nonmoving party, who bears the burden of proof at trial, failed to produce clear

11   and convincing evidence on an essential element of a defense upon which a reasonable

12   jury could invalidate the patent." *Delano Farms Co. v. Cal. Table Grape Comm'n*, 940

13   F. Supp. 2d 1229, 1251 (E.D. Cal. 2013) (*quoting Eli Lilly & Co. v. Barr Labs., Inc.*, 251

14   F.3d 955, 962 (Fed. Cir. 2001)). A patentee has no burden to present factual evidence

15   affirmatively establishing the validity of its patent, even in support of its own motion for

16   summary judgment on the validity issue. *Massey v. Del Labs., Inc.*, 118 F.3d 1568, 1573

17   (Fed. Cir. 1997). Rather, a patentee moving for summary judgment can meet its burden

18   simply by pointing to the nonmoving party's lack of evidence to support its patent

19   invalidity defense. *See, e .g.*, *Celotex*, 477 U.S. at 323.

20         However, courts abuse their discretion when they grant summary judgment based

21   on new evidence introduced in the moving party's reply brief. *See, e.g.*, *Zamani v.*

22   *Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). Because all inferences must be made in the

ORDER- 6

1   nonmoving party's favor, courts should either disregard new information presented in a

2   reply brief, or allow a nonmoving party to address the new evidence presented. *See, e.g.*,

3   *id.*

4   **B.     NAPA's Asserted Grounds for Patent Invalidity**

5          NAPA styles its affirmative defense as a single defense of patent invalidity.  (*See*

6   Ans. ¶¶ 5-6.)  However, NAPA's defense is based on three sections of the Patent Act, 35

7   U.S.C. § 102, 103, 171, any one of which could independently support patent invalidity.

8   The court therefore considers each asserted ground of patent invalidity—functionality,

9   anticipation, and obviousness—as a separate defense, and addresses whether summary

10  judgment is appropriate as to each ground.

11         There are different statutory bases and standards for utility and design patents.  *In*

12  *re Application of Aslanian*, 590 F.2d 911, 913(C.C.P.A. 1979).   To be patentable, a

13  design must be for an article of manufacture, must meet the criteria of being new,

14  original, and ornamental, and must satisfy the other relevant requirements of Title 35.

15  *Hupp v. Siroflex of Am., Inc.*, 122 F.3d 1456, 1460 (Fed. Cir. 1997).   Specifically,

16  section 171 of Title 35 states:

17         Whoever invents any new, original and ornamental design for an article of
           manufacture may obtain a patent therefor, subject to the conditions and
18         requirements of this title.

19         The provisions of this title relating to patents for inventions shall apply to
           patents for designs, except as otherwise provided.
20
    35 U.S.C. § 171.  With respect to NAPA's affirmative defense of functionality, a design

21  patent is invalid where the design serves a primarily functional, rather than primarily

22

1    ornamental, purpose.  *See, e.g.*, *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117,

2    1123 (Fed. Cir. 1993).

3          By way of contrast, the statutory basis for utility patents states that "[w]hoever

4    invents or discovers any new and useful process, machine, manufacture, or composition

5    of matter, or any new and useful improvement thereof, may obtain a patent therefor,

6    subject to the conditions and requirements of this title."  35 U.S.C. § 101.  Contrary to

7    LRI's assertion (Mot. at 5-6), however, the "utility" requirement of 35 U.S.C. § 101 is

8    not applied to design patents.  The applicability of section 101 to design patents was

9    specifically considered by the court in *In re Finch*, 535 F.2d 70, 71-72 (C.C.P.A. 1976).

10   The court noted that the structure of section 171 for design patents is the same as section

11   101 for utility patents except that section 171 is modified for designs.  *Id.*  The court

12   concluded that because the second paragraph of section 171 makes the provisions of Title

13   35 applicable to designs "except as otherwise provided," section 101 cannot be read into

14   section 171.  *Id.* at 72 ("[T]he criteria of 35 U.S.C. § 101 are "otherwise provided" in 35

15   U.S.C. § 171 and that second paragraph of the latter cannot serve to permit the reading

16   thereinto the 'useful' criterion of 35 U.S.C. § 101.").  Thus, rejection of a design patent

17   for lack of utility is error.  *Id.* at 72.  Nevertheless, the *Finch* court held that section 102

18   (which relates to NAPA's affirmative defense of anticipation) and section 103 (which

19   relates to NAPA's affirmative defense of obviousness) can be read into section 171.  *See*

20   *id.* at 71 ("The paragraph clearly makes numerous provisions, such as 35 U.S.C. § 102

21   and 35 U.S.C. § 103, applicable to designs.").

22

The Federal Circuit recently confirmed the view of the *Finch* court with respect to the interplay between utility and design patents:

> There are two differences in wording between the requirements for a design patent under [35 U.S.C.] § 171 and for a utility patent under 35 U.S.C. § 101. Section 171 excludes the word "useful" (to distinguish design patents from utility patents) and adds the word "original.". . . [C]ourts have not construed the word "original" as requiring that design patents be treated differently than utility patents.  Section 171 requires that the "conditions and requirements of this title" be applied to design patents, thus requiring the application of the provisions of sections 102 . . . and 103 . . . .

*Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1237 (Fed. Cir. 2009). Thus, in addition to functionality, design patents are subject to affirmative defenses for anticipation and obviousness under sections 102 and 103 of Title 35, respectively.  *See, e.g.*, 35 U.S.C. §§ 102, 103, 171.

A defendant alleging design patent invalidity must show by clear and convincing evidence that at least one of the key characteristics for the patent is missing.  *See, e.g.*, *Innovative Scuba*, 26 F.3d at 1115.  Patent invalidity is often a legal question that can be resolved on undisputed facts.  *See Microsoft Corp. v. i4i Limited P'ship*, __U.S.__, 131 S. Ct. 2238, 2253 (2011) (Breyer, J., concurring) ("Many claims of invalidity rest . . . upon how the law applies to facts as given.").  The three bases that NAPA has asserted for patent invalidity in the affirmative defense at issue are discussed in more detail below.

1.   Invalidity under 35 U.S.C. § 171 ("Functionality")

As noted above, one requirement for a design patent under 35 U.S.C. § 171 is that it be "ornamental."  35 U.S.C. § 171.  A design patent is invalid where the design serves a primarily functional, rather than primarily ornamental, purpose.  *See, e.g.*, *L.A. Gear*,

1    988 F.2d at 1123.  A design is "functional when the appearance of the claimed design is

2    'dictated by' the use or purpose of the article."  *Id.* at 1123 (*citing In re Carletti,* 328 F.2d

3    1020, 1022 (C.C.P.A. 1964)).  Courts find that "the design of the article is more likely to

4    serve a primarily ornamental purpose" when there are several ways to design a product to

5    achieve its intended function.  *Id.*  Thus, a party alleging patent invalidity can prevail by

6    showing that an article's design is dictated by how the article is to be used.  *Id.*

7        2.  Invalidity under 35 U.S.C. § 102 ("Anticipation")

8        Patents, whether for a design or otherwise, must be unanticipated as required by

9    35 U.S.C. § 102.  In challenging a patent's validity, one way a party can demonstrate that

10   a patent was anticipated is to show that the invention was in public use or on sale in the

11   United States more than a year prior to the date of application for the patent.  *See* 35

12   U.S.C. § 102(b).[2]  Courts look at "prior art" to determine whether a patent is novel and

13

14       _____

15       [2]On September 16, 2011, section 102 and section 103 of Title 35 of the United States
     Code were amended by the Leahy–Smith America Invents Act ("AIA"), Pub.L. No. 112–29, §
16   3(b)-(c), §§ 102–03, 125 Stat. 284, 285–87 (2011) (to be codified, in relevant part, at 35 U.S.C.
     §§ 102–03). The relevant amendments are applicable only to patents and patent applications with
     effective filing dates on or after March 16, 2013, *see id.* § 3(n)(1), 125 Stat. at 293, and are
17   therefore inapplicable to this dispute. *See Hamilton Beach Brands, Inc. v. Sunbeam Prods., Inc.*,
     726 F.3d 1370, 1374 (Fed. Cir. 2013).

18       The pre-AIA version of 35 U.S.C. § 102 stated, in relevant part:

19       A person shall be entitled to a patent unless—

20           (a) the invention was known or used by others in this country, or patented
               or described in a printed publication in this or a foreign country, before
21             the invention thereof by the applicant for patent, or

22           (b) the invention was patented or described in a printed publication in this
               or a foreign country or in public use or on sale in this country, more

1  unanticipated; "prior art" is knowledge that is available to a person of ordinary skill in the

2  art.  *See, e.g.*, *Eli Lilly & Co. v. Zenith Goldline Pharm., Inc.*, 471 F.3d 1369, 1375 (Fed.

3  Cir. 2006).  This defense "requires the presence in a single prior art disclosure of all

4  elements of a claimed invention arranged as in the claim."  *Connell v. Sears, Roebuck &*

5  *Co.*, 722 F.2d 1542, 1548 (Fed. Cir. 1983).  A design is anticipated when the average

6  observer takes the new design for a design that already exists.  *See Int'l Seaway Trading*

7  *Corp.*, 589 F.3d at 1237.

8        3.  Invalidity under 35 U.S.C. § 103 ("Obviousness")

9        Patents must also be nonobvious.  *See* 35 U.S.C. § 103.  A patent is obvious "if the

10  differences between the claimed invention sought to be patented and the prior art are such

11  that the subject matter as a whole would have been obvious" at the time of invention "to a

12  person having ordinary skill in the art to which the claimed invention pertains."  35

13  U.S.C. § 103(a).  Obviousness is ultimately a legal question.  *See, e.g.*, *Wyers v. Master*

14  *Lock Co.*, 616 F.3d 1231, 1237 (Fed. Cir. 2010).  Courts rely on four underlying factual

15  inquiries to determine whether a patent is invalid as obvious:  (1) the scope and content of

16  the prior art; (2) the differences between the prior art and the claims at issue; (3) the level

17  of ordinary skill in the art; and (4) any relevant secondary considerations, such as

18  commercial success, unsolved needs for such an invention, and the failure of others to

19  produce the same or comparable inventions.  *Graham v. John Deere Co.*, 383 U.S. 1, 17-

20  _____

21              than one year prior to the date of the application for patent in the
              United States. . . .

22  35 U.S.C. § 102(a), (b) (2010).

18 (1966).  Although factor four includes "secondary considerations," this factor is often

an important component of the obviousness analysis.  *KSR Intern. Co. v. Teleflex Inc.*,

550 U.S. 398, 415 (2007).  In looking at prior art to determine obviousness, courts can

consider whether two or more pieces of prior art could have been combined to create the

claimed patent or whether a single piece of prior art could have been modified to create

it.  *Comaper Corp. v. Antec, Inc.*, 596 F.3d 1343, 1351-52 (Fed. Cir. 2010).

**C.     NAPA's Functionality Affirmative Defense**

NAPA argues that LRI's design patent is invalid because it is functional and not

ornamental as required by 35 U.S.C. § 171.  In moving for summary judgment against

NAPA, LRI has to show only that NAPA lacks evidence for its functionality defense

because NAPA bears the burden of proving the defense at trial by clear and convincing

evidence.  *Celotex*, 477 U.S. at 322-23.  LRI addressed patent invalidity based on

functionality only superficially in its initial motion.  (*See generally* Mot.)  LRI stated that

NAPA's functionality claim "fails as a matter of law as utility is a requirement of all

inventions submitted for Letters Patent . . ." under 35 U.S.C. § 101.  (Mot. at 5-6.)  As

noted above, LRI's statement of the law concerning the applicability of the "utility"

requirement of 35 U.S.C. § 101 to design patents is incorrect.  *In re Finch*, 535 F.2d at

71-72.  More importantly, in its original moving papers, LRI never addressed the issue at

hand:  whether the design patent here is primarily functional, which would render it

invalid under 35 U.S.C. § 171, or primarily ornamental, which would negate NAPA's

functionality defense.  (*See generally* Mot.)  Thus, LRI did not meet its initial burden on

1   summary judgment with respect to NAPA's functionality affirmative defense because

2   LRI only addressed utility and not functionality.  *See Celotex*, 477 U.S. at 322-23.

3         Although NAPA did not present evidence supporting a functionality defense in

4   response to LRI's original motion, it was not required to do so when LRI failed to meet

5   its initial burden.  *Cf. id.*  NAPA also did not have access to the declaration and

6   attachments related to functionality that LRI included in its reply when NAPA responded

7   to LRI's motion.  (*See generally* Mot.; Allen Decl.; Attachs. A-E6.)  LRI only

8   meaningfully addressed NAPA's functionality affirmative defense in its reply brief, by

9   providing evidence in the form of a declaration and attachments.  (Allen Decl.; Attachs.

10  (Dkt. # 20-1) A-E6.)  It would be an abuse of discretion for the court to rely on the new

11  evidence that LRI attached to its reply memorandum to grant summary judgment without

12  giving NAPA a chance to respond to it.  *See, e.g.*, *Zamani*, 491 F.3d at 997.

13        Considering the evidence that LRI filed along with its reply brief, however, would

14  effectively allow LRI to circumvent the court's case schedule by allowing LRI to meet its

15  initial summary judgment burden after the court's dispositive motions deadline has

16  passed.  (*See* Sched. Ord. (Dkt. # 11) at 2.)  The court set the deadline for dispositive

17  motions on November, 12, 2013 (*id.*), and LRI timely filed its motion for summary

18  judgment on that date (*see generally* Mot)  However, LRI did not file the evidence in

19  support of its argument about functionality until its January 8, 2014, reply.  (*See*

20  *generally* Reply.)  Relying on LRI's late-filed evidence would undermine the court's case

21  schedule and violate the spirit, if not the letter, of the court's order.  Accordingly, the

22

ORDER- 13

1  court will not rely on the new evidence presented in LRI's reply, and denies summary

2  judgment on this defense.

3  **D.     NAPA's Anticipation and Obviousness Affirmative Defenses**

4         Summary judgment as to obviousness or anticipation is appropriate when the

5  "factual inquiries [underlying these legal questions] present no lingering genuine issues."

6  *Beckson Marine, Inc. v. NFM, Inc.*, 292 F.3d 718, 723 (Fed. Cir. 2002).  For NAPA to

7  prevail on an anticipation affirmative defense, it has to show by clear and convincing

8  evidence that the LED flashlight design was in public use or on sale in the United States

9  one year prior to the date of application for the '372 patent.  *See* 35 U.S.C. § 102.[3]  To

10  show obviousness, NAPA must demonstrate that the claimed invention was obvious to a

11  person of ordinary skill in the LED flashlight art based on the prior art that existed at the

12  time of invention.  *See* 35 U.S.C. § 103.[4]  In its answer, NAPA alleged that "LRI and/or

---

15  [3] Once again, this citation refers to the prior version of 35 U.S.C. § 102.  *See supra*
16  note 2.

17  [4]  This citation refers to the prior version of 35 U.S.C. § 103.  *See supra* note 2.  The pre-
    AIA version of 35 U.S.C. § 103 stated, in relevant part:

18      (a) A patent may not be obtainable though the invention is not identically
19          disclosed or described as set forth in section 102 of this title, if the differences
            between the subject matter sought to be patented and the prior art are such
            that subject matter as a whole would have been obvious at the time the
20          invention was made to a person having ordinary skill in the art to which said
            subject matter pertains.  Patentability shall not be negatived by the manner in
21          which the invention was made.

22  35 U.S.C. § 103.

ORDER- 14

1  inventor David Allen publicly offered Photon lights[5] as early as 1993 which constitute[s]

2  invalidating prior art . . . ."  (Ans. ¶ 6.)  Although the allegation that prior art existed at

3  the time of invention is relevant to proving invalidity on both of these grounds, NAPA

4  must do more than make a single factual assertion at the summary judgment stage.  By

5  pointing to a lack of evidence to support this defense, LRI shifted the burden to NAPA to

6  show evidence that creates a genuine dispute about this material fact.  In its response,

7  NAPA does not address these patent invalidity defenses, and provides no evidence at all

8  regarding the prior art underlying its anticipation and obviousness defenses.  (*See*

9  *generally* Resp.)  NAPA has not demonstrated a genuine dispute.  Therefore, the court

10  grants summary judgment in favor of LRI on NAPA's anticipation and obviousness

11  invalidity affirmative defenses.

12       In responding to LRI's motion, NAPA contends that LRI improperly focuses on

13  the insufficiency of NAPA's pleading its patent invalidity affirmative defenses.  (*See*

14  Resp. at 1-2.)  NAPA asserts that the court therefore has no basis on which to grant

15  summary judgment.  (*Id.* at 1.)  But NAPA's assertions fail for two reasons.  First, a court

16  may grant summary judgment solely on the pleadings if it determines there is no genuine

17  dispute.  *See, e.g.*, *Allen v. Educ. Cmty. Credit Union*, No. C06-16MJP, 2006 WL

18  1495775, at *3 (W.D. Wash. 2006).  Second, although LRI discusses what it describes as

19  NAPA's insufficient pleadings in the summary judgment motion, LRI also points to

20  NAPA's lack of evidence related to the prior art underlying NAPA's anticipation and

21  _____

22       [5] "Photon" is the name under which LRI sells the LED flashlights designed from the '372 patent.  (Am. Compl. ¶ 2-3.)

obviousness affirmative defenses. (*See* Mot. at 8-9.) NAPA has failed to understand its

own burden, as well as LRI's burden, at the summary judgment stage. All LRI must do

as the party moving for summary judgment against NAPA is show that NAPA lacks

evidence from which a reasonable jury could determine that the patent is invalid under a

clear and convincing evidentiary standard. *See Celotex*, 477 U.S. at 322-23. LRI has

done so. (*See generally* Mot.) Therefore, there is no factual dispute as to these two

grounds of patent invalidity.

Finally, despite NAPA's contention to the contrary, LRI's summary judgment

motion is not a late-filed Rule 12(f) motion to strike. (Resp. at 1.) Although LRI states

at the end of its motion that NAPA's patent invalidity affirmative defense "should be

stricken" from NAPA's answer, (Mot. at 10), LRI properly cites summary judgment

standards in its motion and bases its arguments on these standards. (*See id.* at 8-9.)

Furthermore, LRI's motion does not mention Rule 12(f). (*See generally id.*) Thus, this

motion is properly characterized as one for summary judgment, not as a motion to strike.

For the reasons above, the court grants summary judgment in LRI's favor on NAPA's

anticipation and obviousness affirmative defenses.

**E.     The Court Will Not Consider LRI's Alternative Request under Rule 12(e)**

LRI also requests that the court "consider alternative relief under Rule 12(e) for a

more definite statement" if the court finds summary judgment inappropriate. (Mot.

at 10.) However, a Rule 12(e) motion is proper only where a party's pleading is so

indefinite that the other party cannot determine the claim being asserted. *Gregory Vill.*

*Partners, L.P. v. Chevron U.S.A., Inc.*, 805 F. Supp. 2d 888, 896 (N.D. Cal. 2011).

1   Although NAPA did not explicitly claim that LRI's patent was invalid as anticipated or

2   obvious under 35 U.S.C. §§ 102 and 103, its assertion to that effect was not so indefinite

3   that LRI could not determine on what grounds NAPA claimed patent invalidity.  In

4   addition, because the court grants partial summary judgment as to the anticipation and

5   obviousness defenses, there is no longer a need to clarify NAPA's asserted defenses.  For

6   these reasons the court does not consider LRI's alternative request for a more definite

7   statement under Rule 12(e).

8                         **IV.    CONCLUSION**

9        The court DENIES LRI's motion for partial summary judgment as to the

10   functionality ground for patent invalidity, but GRANTS summary judgment in favor of

11   LRI on NAPA's anticipation and obviousness affirmative defenses.  NAPA has failed to

12   demonstrate a genuine dispute of material fact that the '372 patent is invalid because it is

13   anticipated or obvious under a clear and convincing evidentiary standard.

14        Dated this 11th day of February, 2014.

15

16

17                                                    

18                                JAMES L. ROBART
                               United States District Judge

19

20

21

22

ORDER- 17